IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JENNINGS-DELOACH WAREHOUSE COMPANY LLC,<br><br>Defendant. | CIVIL ACTION FILE<br><br>NO. ________________ |

**COMPLAINT TO SET ASIDE APPRAISAL AWARD AND FOR DECLARATORY JUDGMENT**

Plaintiff Atlantic Casualty Insurance Company ("ACIC") files this Complaint for Declaratory Judgment.

## PARTIES

1.

ACIC is incorporated in North Carolina with its principal place of business located at 400 Commerce Court, Goldsboro, North Carolina 27533. ACIC seeks to set aside the appraisal award on the grounds of fraud, mistake, lack of impartiality and/or lack of independent judgment by the umpire. In the alternative, ACIC seeks a declaration that it does not owe for non-covered items that were included in the

appraisal award under an insurance policy for storm damage to Defendant Jennings-Deloach Warehouse Company LLC's ("Jennings") property.

2.

Jennings is a domestic limited liability company whose member(s), upon information and belief, are citizens of Florida. For purposes of federal subject matter jurisdiction, therefore, Jennings is a citizen of Florida. Jennings may be served process on its registered agent William P. Deloach at 3557 Eldora Road, Ellabell, Georgia 31308. Jennings is the named insured under the insurance policy issued by ACIC.

## JURISDICTION AND VENUE

3.

There is complete diversity of citizenship between plaintiff ACIC, as a citizen of North Carolina and defendant, who is a citizen of Florida for purposes of federal subject matter jurisdiction.

4.

The amount in controversy exceeds $75,000.

5.

This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1332.

6.

There is an actual case or controversy regarding the propriety of the appraisal award and as to the coverage obligations under an insurance policy issued in this judicial district. 28 U.S.C. § 2201.

7.

Venue is proper in this Court because the defendant owns property that is the subject of this action and transacts business in this judicial district, and therefore, resides in this judicial district. 28 U.S.C. § 1391(b); S.D. Ga. Local Rule 2.1.

## THE CLAIM AND APPRAISAL

8.

On or around September 26-27, 2024, Hurricane Helene caused some damage to Jennings' property located at 158 E. Parrish Street, Statesboro, Georgia 30458 ("Property").

9.

ACIC determined that there were some covered damages to the Property. There was no wind or hail damage found to the roof of the Property, other than wind damage to the hip/ridge cap. ACIC issued payment to Jennings in the amount of $61,533.71.

10.

Jennings disagreed with ACIC's determination and contended that a full roof

replacement was warranted.

11.

ACIC issued a qualified partial denial and reservation of rights letter on February 21, 2025 and again on October 17, 2025. True and correct copies of the letters dated February 21, 2025 and October 17, 2025 are attached hereto as Exhibits A and B respectively.

12.

ACIC and Jennings decided to conduct an appraisal pursuant to the Policy's appraisal clause. ACIC chose Miller Stephens as its appraiser and Jennings chose Tom Simmons as its appraiser. Stephens and Simmons chose Greg Snow to serve as the umpire.

13.

In accepting the position of umpire, Snow swore and affirmed that he would "act with strict impartiality in all matters of difference that shall be submitted to [him] in connection with this appointment, and [he would] make a true, just, and conscientious award, according to the best of [his] knowledge, skill and judgment."

14.

During the appraisal process, Simmons provided Snow with the false information that ACIC had agreed to the scope and price of an estimate that included a full roof replacement of the Property.

15.

Snow failed to do any independent investigation aside from inspecting the Property. Snow requested that an engineer inspect the Property but failed to have an engineer inspect. He also did not write his own estimate. Instead, he used the estimate that included a full roof replacement—the same estimate that Simmons misled Snow to believe ACIC previously approved.

16.

On May 25, 2026, Snow issued his appraisal award in the amount of $1,437,952.10 RCV/$1,340,022.02 ACV. A true and accurate copy of the award is attached hereto as Exhibit C.

17.

The appraisal awarded several items that are not covered by the terms and conditions of the Policy including a full roof replacement and gutters where there is no hail or wind damage to the roof or gutters, and damages to the fence, which is not covered property.

18.

The appraisal award provides "[t]his award is made without any consideration of any deductible amount, prior payments issued to the insured or any other terms, conditions, provisions or exclusions of the above policy. The Insurance Carrier is to

receive credit for all prior indemnity payments made with respect to this loss. This award does not alter the terms and conditions of the insurance policy." Exhibit C.

19.

On or about June 24, 2026, and pursuant to the Policy terms and conditions, ACIC made a supplemental net payment of $63,724.05 to Jennings for the covered items included in the appraisal award.

20.

ACIC also sent a letter dated June 24, 2026 explaining its response to the appraisal award. A true and accurate copy of the June 24, 2026 letter is attached hereto as Exhibit D.

## POLICY PROVISIONS

21.

ACIC issued policy number M225001068-2 to Jennings Deloach Warehouse Company LLC as the named insured for the period of June 17, 2024 to June 17, 2025. The policy was delivered in Georgia such that its terms are construed under Georgia law. A true and complete copy is attached as Exhibit E.

22.

Under the Building and Personal Property Coverage Form, **A. Coverage** provides "[w]e will pay for direct physical loss of or damage to Covered Property at

the premises described in the Declarations caused by or resulting from any Covered Cause of Loss."

23.

The coverage granted under the Policy's **A. Coverage** is modified by the other terms, conditions, exclusions, and endorsements set forth in the Policy.

24.

The Policy provides in pertinent part that the following is Covered Property:

> **1. Covered Property**
>
> Covered Property, as used in this Coverage Part, means the type of property described in this section, **A.1.**, and limited in **A.2.** Property Not Covered, if a Limit of Insurance is shown in the Declarations for that type of property.
>
> **a.** **Building**, meaning the building or structure described in the Declarations, including….

25.

The Policy provides, in pertinent part, that the following is not Covered Property:

> **2. Property Not Covered:**
>
> Covered Property does not include:
>
> q. The following property while outside of buildings:
>
> **(2)** Fences, radio, or television antennas (including satellite dishes) and their lead-in wiring, masts or towers, trees, shrubs or plants (other trees, shrubs or plants which are "stock" or are part of a vegetated

roof), all except as provided in Coverage Extensions.

26.

Under the **CAUSES OF LOSS – BROAD FORM**, the Policy provides in pertinent part:

> **A. Covered Causes Of Loss**
>
> When Broad is shown in the Declarations, Covered Causes Of Loss Means the following:
>
> **4.** Windstorm or Hail, but not including:
> **a.** Frost or cold weather;
> **b.** Ice (other than hail), snow or sleet, whether driven by wind or not;
> **c.** Loss or damage to the interior of any building or structure, or the property inside the building or structure, caused by rain, snow, sand or dust, whether driven by wind or not, unless the building or structure first sustains wind or hail damage to its roof or walls through which the rain, snow, sand or dust enters; or
> **d.** Loss or damage by hail to lawns, trees, shrubs or plants which are part of a vegetated roof.

27.

The **LIMITATIONS ON COVERAGE FOR ROOF SURFACING** endorsement provides the following:

**SCHEDULE**

| Premises Number | Building Number | Indicate Applicability (Paragraph A. and/ or Paragraph B.) |
|---|---|---|
| 1 | 1 | B |
| | | |
| | | |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | | |

**B.** The following applies with respect to loss or damage by **wind and/or hail** to a building or structure identified in the Schedule as being subject to this Paragraph **B.**:

We will not pay for cosmetic damage to roof surfacing caused by wind and/or hail. for the purpose of this endorsement, cosmetic damage means that the wind and/or hail caused marring, pitting or other superficial damage that altered the appearance of the roof surfacing, but such damage does not prevent the roof from continuing to function as a barrier to entrance of the elements to the same extent as it did before the cosmetic damage occurred.

**C.** For the purpose of this endorsement, roof surfacing refers to the shingles, tiles, cladding, metal or synthetic sheeting or similar materials covering the roof and includes all materials used in securing the roof surface and all materials applied to or under the roof surface for moisture protection, as well as roof flashing.

28.

Under **E. Loss Conditions**, the Policy provides for appraisal:

**2. Appraisal**

If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state

> separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> **a.** Pay its chosen appraiser; and
> **b.** Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

29.

ACIC has complied with all conditions precedent or they have been waived by Jennings.

**<u>COUNT I – SET ASIDE THE APPRAISAL AWARD</u>**

30.

ACIC incorporates by reference the allegations set forth in paragraphs 1 through 29 above.

31.

An appraisal award may be set aside upon for any reason that would "void a contract" and also for fraud, mistake, deciding any matter by chance or lot, oppression, irregularity, or unfairness. *See So. General Ins. Co. v. Kent*, 187 Ga. App. 496, 497 (1988).

32.

The umpire Snow failed to conduct his own independent investigation apart from inspecting the Property.

33.

Simmons provided Snow with false information about ACIC allegedly agreeing to the scope and price of an estimate that included a full roof replacement at the Property.

34.

Relying upon the false information provided by Simmons, Snow did not write his own estimate for the damages to the Property or exercise independent judgment.

35.

Instead, Snow used the estimate Simmons misrepresented as being approved by ACIC for the appraisal award.

36.

Because there is fraud, mistake, deciding by chance or lot, oppression, irregularity, and/or unfairness in the appraisal, the appraisal award should be set aside.

**COUNT II - DECLARATORY RELIEF**

37.

ACIC incorporates by reference the allegations set forth in paragraphs 1

through 29 above.

38.

The Policy provides coverage for "direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss."

39.

Windstorm or Hail are Covered Causes of Loss under the Policy's **CAUSES OF LOSS – BROAD FORM**.

40.

The appraisal award includes replacement of items that are not covered by the terms and conditions of the Policy, including but not limited to the roof, gutters, fence, gable trim, eave trim and removal of the metal roof.

41.

The Policy's appraisal provision provides that "[i]f there is an appraisal, we will still retain our right to deny the claim."

42.

The appraisal award provides "[t]his award is made without any consideration of any deductible amount, prior payments issued to the insured or any other terms, conditions, provisions or exclusions of the above policy. … This award does not alter the terms and conditions of the insurance policy." Exhibit C.

43.

ACIC's investigation of the claim revealed that there was no wind or hail damage to the roof (other than the hip/ridge cap) or gutters of the Property. Thus, there is no coverage under the Policy for the full roof replacement, the replacement of the gutters, or for the following line items: removing the metal roof (line 1), buytl tape (line 4), gable trim (line 6), eave trim (line 7), meter mast (line 10), neoprene pipe jack flashing (line 11), remove additional charge for high roof (line 12), additional charge for high roof (line 13), forklift operator (line 14), and dumpster (line 15). Exhibit C.

44.

ACIC's investigation of the claim also found cosmetic damage to the roof, which is not covered by the **LIMITATIONS ON COVERAGE FOR ROOF SURFACING** endorsement.

45.

The Policy does not afford coverage for the fence because it is not Covered Property.

46.

A genuine dispute exists regarding the coverage issues set forth above and a declaratory judgment is necessary to clarify this uncertainty. There is such immediacy of choice imposed upon ACIC at this time to justify an adjudication by

declaratory judgment. *See Richmond v. Ga. Farm Bureau Mut. Ins. Co.*, 140 Ga. App. 215, 217 (1976).

47.

WHEREFORE, based on the terms, conditions, and exclusions in the Policy, as well as under relevant legal principles, ACIC seeks the following relief:

(a) to set aside the appraisal award based upon fraud, mistake, deciding by chance or lot, oppression, irregularity, and/or unfairness in the appraisal;

(b) in the alternative, a declaration that the Policy does not provide coverage for the following line items in the estimate used by the umpire: 1, 2, 4, 6, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, and 22;

(c) a jury to resolve all issues so triable; and

(d) an award of other and further relief as is just and proper.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Mallory D. Ball*

Steven D. Ginsburg
(*will file pro hac vice application)
Georgia Bar No. 121055
sginsburg@fmglaw.com
Mallory D. Ball
Georgia Bar No. 880318
mball@fmglaw.com

*Counsel for Plaintiff*
*Atlantic Casualty Insurance Company*

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(833) 330-3669 (facsimile)